## STEPHENS *v.* HUMPHREYS *et al.*

*(Supreme Court, General Term, First Department.  June 6, 1890.)*

RIGHT TO JURY TRIAL.

In an action to foreclose a mortgage, defendant is not entitled, as a matter of right, to a trial by jury of a defense of fraud.

Appeal from special term, New York county.

Action by Melville Stephens against Robert L. Humphreys, impleaded. From an order denying a motion for an order settling issues to be tried by a jury, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John K. Van Ness,* for appellant.  *Smith & White,* for respondent.

VAN BRUNT, P. J.  This action was brought by the plaintiff, as assignee, to foreclose a mortgage.  The answer set up fraud in obtaining the assignment, and that the plaintiff had not obtained it in good faith, and is not the real party in interest, and that the assignment was obtained by threats and intimidation.  On the hearing of the motion the learned justice allowed the plaintiff to read certain affidavits controverting the allegations set up in the answer.  The appellants objected to the reading of these affidavits, on the ground that the motion should be decided on the pleadings alone.  The court refused to direct issues to be settled to be tried by a jury, and from the order thereupon entered this appeal is taken.

It was probably error upon the part of the court to allow the reading of affidavits upon this motion; but this in no way affected the rights of the defendant.  It is claimed that, because the answer set up fraud, intimidation, false representations, champerty, and maintenance, the defendant, as matter of right, was entitled to have those issues tried by a jury; and we are cited, as an authority upon this proposition, to the case of *Conderman* v. *Conderman,* 44 Hun, 181, in which it was decided that a party had the right to have the issue of adultery in an action for divorce tried by a jury.  We fail to see the application of this case, as by the express provisions of the Code a party is, as matter of right, entitled to have that issue tried by a jury; but our attention has not been called to any provision of the Code entitling a party, simply because he sets up the defense of fraud, as matter of right, to a trial of that issue by a jury.  The case cited, clearly, has no application to the facts herein presented, and there seems to be no reason whatever why the usual course should not be pursued, and this action tried by the court.  The order should be affirmed, with $10 costs and disbursements.  All concur.